J-A18009-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANNY VASALECH, SR. | : | |
| | : | |
| Appellant | : | No. 1337 WDA 2020 |

Appeal from the Judgment of Sentence Entered February 26, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014942-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANNY VASALECH | : | |
| | : | |
| Appellant | : | No. 1345 WDA 2020 |

Appeal from the Judgment of Sentence Entered February 26, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014943-2017

BEFORE:  OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED: NOVEMBER 15, 2021**

Appellant, Danny Vasalech, appeals from the judgment of sentence entered on February 26, 2019, following his jury trial convictions for sexual assault, unlawful contact with a minor, corruption of a minor, indecent assault, and endangering the welfare of a child.[1]  We affirm.

---

[1]  18 Pa.C.S.A. §§ 3124.1, 6318(a)(1), 6301(a)(1)(ii), 3126(a)(7), and 4303(a)(1), respectively.

The trial court summarized the facts and procedural history of this case as follows:

> The present appeal comes after a second jury trial on the above referenced charges. The Honorable Donna Jo McDaniel presided over the first trial, and on August 22, 2018, that jury returned a verdict of not guilty at eight (8) of the twelve (12) counts at [docket number] CC 201714943. At the other case joined for trial, found at [docket number] CC 201714942, Appellant was acquitted of three (3) of the four (4) counts. The jury was deadlocked on the remaining charges at both informations and a mistrial was declared at those counts.[2] On September 6, 2018, Judge McDaniel recused herself and the cases were assigned to [the Honorable Mark V. Tranquilli (hereinafter "the trial court")] for retrial on the remaining charges[, which included: sexual assault, unlawful contact with a minor, corruption of a minor, indecent assault, and endangering the welfare of a child]. On November 27, 2018, a five (5) day jury trial commenced with the jury finding Appellant guilty of the [aforementioned] charges[.] Appellant was found not guilty of the remaining charges. [The trial court] imposed sentence on February 26, 2019, ordering an aggregate term of incarceration of eleven and one[-]half (11 ½) to twenty-three (23) years, followed by fifteen (15) years of probation. No post-sentence motions were filed. A timely appeal was filed on February 27, 2019, but on April 24, 2019, [this] Court issued a [r]ule to [s]how [c]ause why the appeal should not be quashed for failure to comply with [Pennsylvania] Rule of Appellate Procedure 341. On May 13, [2019, this Court discharged the rule and permitted the appeal to proceed after Appellant demonstrated compliance with our Supreme Court's decision in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018)]. [The trial court] received a court ordered [c]oncise [s]tatement [of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 11, 2019.]

---

[2] "[T]he sexual assault [conviction] at [docket number] CC 201714942 involved an accusation that Appellant engaged in non-consensual sex with his [w]ife, [G.V.]" Trial Court Opinion, 7/11/2019, at 3. "The convictions at [docket number] CC 201714943 [stemmed from allegations] that Appellant engaged in sexual touching of his minor child[, D.V.]" *Id.* We use the victims' initials to protect their identities.

J-A18009-21

Trial Court Opinion, 7/11/2019, at 2-3.

On appeal, Appellant presents the following issues[3] for our review:

1. Was it error to join Appellant's three cases for trial before Judge McDaniel, and after a mistrial due to a partially deadlocked verdict, was it error for [the trial court] to keep Appellant's remaining two cases joined for re-trial?[4]

2. Was it error for Judge McDaniel to conduct a competency hearing of a key witness outside the presence of Appellant and to prohibit a record of the competency hearing, and was it error for [the trial court] to deny a requested new competency hearing and continue to prohibit the recording of the first competency hearing?

3. Was it error for Judge McDaniel to declare a mistrial without affording the parties an opportunity to address the situation, particularly a charge to the jury under **Commonwealth v. Spencer**, [] 275 A.2d 299 [(Pa.] 1971[)], and was it error for [the trial court] to deny relief and deny an evidentiary hearing on the issue?

4. Was it error for [the trial court] to deny a motion for judgment of acquittal as to the charges involving [G.V.] at No. CP-02-CR-0014942-2017?

5. Was it error for [the trial court] to deny a motion for judgment of acquittal as to the charges involving [D.V.] at No. CP-02-CR-0014943-2017?

---

[3] Appellant raised 22 issues in his Rule 1925(b) statement. **See** Trial Court Opinion, 7/11/2019, at 3 n.1. On appeal, Appellant has abandoned 16 issues and we find those issues waived. **See Commonwealth v. Heggins**, 809 A.2d 908, 912 n.2 (Pa. Super. 2002) ("[A]n issue identified on appeal but not developed in the appellant's brief is abandoned and, therefore, waived.")

[4] Originally, a third case was consolidated for trial before Judge McDaniel wherein the Commonwealth charged Appellant with committing various offenses against another child. However, the jury in Appellant's first trial found him not guilty of those charges and his acquittal barred a second prosecution. Thus, only two cases remained joined at Appellant's second trial.

6. Was it an abuse of discretion for Judge McDaniel, and then [the trial court], not to recuse?

Appellant's Brief at 7 (original parenthetical omitted).

Before we examine the merits of Appellant's claims, we note that the trial court found Appellant's concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) "lacked sufficient detail to permit [] meaningful review." Trial Court Opinion, 7/11/2019, at 3. The trial court explained that the issues presented in Appellant's Rule 1925(b) statement were not numbered or well-delineated and generally, with some exceptions, failed to reference which trial or the specific judge who allegedly committed error. The trial court further recognized that trial counsel represented Appellant at both trials and on appeal and, therefore, "was well-versed and positioned to have properly developed these issues[, but] filed an appeal comprised of generalized accusations of error[.]" *Id.* at 4. The trial court also determined that Appellant's claims predicated upon the alleged insufficiency of the evidence (including his claim that he was entitled to a judgment of acquittal) were too vague given that he was convicted of five criminal offenses yet failed to specify which conviction or which element remained unproven. *Id.* at 9-10. As such, the trial court found that Appellant waived all of the issues set forth above (except issue two) for lack of specificity and vagueness.

We agree that Appellant waived appellate issues one,[5] three, four, five, and six as presented above.  This Court has stated:

> A Rule 1925(b) concise statement that is too vague can result in waiver of issues on appeal.  *See Commonwealth v. Dowling*, 778 A.2d 683, 686-687 (Pa. Super. 2001) ("a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all").
>
> > If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. Where a 1925(b) statement does not specify the allegedly unproven elements, ... the sufficiency issue is waived on appeal.
>
> *Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted).
>
> "Even if the trial court correctly guesses the issues Appellant raises on appeal and writes an opinion pursuant to that supposition the issues are still waived." *Kanter v. Epstein*, 866 A.2d 394, 400 (Pa. Super. 2004) (citation omitted), *appeal denied*, 880 A.2d 1239 (2005), *cert. denied*, *Spector, Gadon & Rosen, P.C. v. Kanter*, 546 U.S. 1092 (2006).

*Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020), *appeal denied*, 250 A.3d 468 (Pa. 2021) (original brackets omitted).

Moreover, regarding appellate issue two, pertaining to the minor victim's competency, Appellant asserts he presented a meritorious challenge to Judge McDaniel's determination that the minor victim was competent to testify at

---

[5]  Additionally, we note that Appellant admitted at oral argument that he did not raise the issue of joinder before the trial court.  For this additional reason, Appellant waived his first issue as presented on appeal.  *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

trial.  Appellant's Brief at 25.  More specifically, Appellant asserts that in related Protection from Abuse (PFA) proceedings, a family division judge "conducted an *in camera* interview with [D.V.] in which the child stated, among other seemingly incredible things, that [Appellant] had killed his entire family from a prior marriage."  *Id.*  Appellant claims he presented this information for Judge McDaniel's reconsideration.  At oral argument before this Court, however, Appellant admitted that the PFA proceeding transcript and forensic interview of the child was not contained in the certified record.

This Court has previously determined:

First, it is the appellant's obligation to demonstrate which appellate issues were preserved for review.  Pa.R.A.P. 2117(c), 2119(e).  Second, during our review of a case, we rely only on facts and documents in the certified record. *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).  This Court does not rely on items *dehors* the record, such as assertions in an appellate brief or a trial court opinion.  *Id.*  Moreover, the duty to ensure the certified record contains all the facts and documents necessary for our review lies with the appellant.  *Id.* Thus, because our review necessitates a determination of whether issues were preserved, the appellant has the burden to demonstrate which part of the certified record reveals the preservation of the appellate issues.

*Commonwealth v. Rush*, 959 A.2d 945, 949 (Pa. Super. 2008).  Moreover,

This Court cannot meaningfully review claims raised on appeal unless we are provided with a full and complete certified record.  This requirement is not a mere "technicality" nor is this a question of whether we are empowered to complain *sua sponte* of *lacunae* in the record.  In the absence of an adequate certified record, there is no support for an appellant's arguments and, thus, there is no basis on which relief could be granted.

*Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (internal citations omitted). For all of the foregoing reasons, we conclude that Appellant failed to properly preserve his second appellate issue as presented for our review. Accordingly, Appellant has not properly preserved any of his current claims for appellate review.

Furthermore, in the alternative, the trial court found that above-mentioned issues two, three, and six were waived but otherwise without merit. The trial court determined that with regard to the minor victim's competency, issue two above, "Appellant sought to re-litigate a factor he felt was relevant to competency that had been previously presented to Judge McDaniel." Trial Court Opinion, 7/11/2019, at 13. The trial court determined that "Appellant's argument for reconsideration of witness competency offered no substantial change in facts, law, or any other showing of how [Judge McDaniel's] ruling was erroneous, which would have permitted the [] trial court to disturb the prior ruling of [Judge McDaniel], a [judge with] coordinate jurisdiction, in accordance with the law of the case doctrine." *Id.* Furthermore, although Appellant "additionally maintained that re-examination of competency was necessary based upon the minor's testimony from the first trial[,]" the trial court "viewed [this challenge] as an attack on the minor's credibility, which [the trial court found was] irrelevant to competency." *Id.* (case citation omitted). With regard to issue three as presented above, the trial court determined Appellant never requested a jury charge pursuant to

*Spencer*,[6] but also that "Appellant provide[d] no support, factual or legal why the charge should have been given, or why, absent any request for the instruction, Judge McDaniel abused her discretion by failing to give the instruction *sua sponte*." *Id.* at 15. Finally, with regard to issue six as presented above, the trial court determined that there was no merit to Appellant's claim that Judge McDaniel should have recused. *Id.* at 7. The trial court notes that Judge McDaniel granted Appellant's request for recusal on September 6, 2018, the case was reassigned to a new trial judge, and, thus, "Appellant clearly received the relief he requested[.]"[7] *Id.* Based upon

_____

[6] A *Spencer* charge, guided by our Supreme Court's decision in *Commonwealth v. Spencer*, 275 A.2d 299 (Pa. 1971), instructs a deadlocked jury "to continue to deliberate, with an open mind to reconsideration of views, without giving up firmly held convictions." "Whether to give a *Spencer* charge is matter for the exercise of discretion by the trial court which will not be reversed absent an abuse of that discretion." *Commonwealth v. Porter*, 446 A.2d 605, 608 (Pa. Super. 1982).

[7] The trial court did not reach the merits of Appellant's claim that his second trial judge should have recused. *See* Trial Court Opinion, 7/11/2019, at 7. It found Appellant's complaint "boilerplate," citing Appellant's failure to point precisely to the record regarding an unsupported assertion that the trial court had an "outburst" in front of the jury. *Id.* at 8. Again, we remind Appellant that he "has the burden to demonstrate which part of the certified record reveals the preservation of the appellate issues." *Rush*, 959 A.2d at 949. Moreover, on appeal, Appellant confines his recusal claim primarily to Judge McDaniel. *See* Appellant's Brief at 35-37. In support of his claim that the trial court should have recused, Appellant merely opines that "it is clear from the transcript of the retrial" before the trial court that the trial court "was even harsher" than Judge McDaniel. *Id.* at 37. This aspect of Appellant's sixth appellate issue is woefully undeveloped and, therefore, waived. *See* Pa.R.A.P. 2119; *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) ("[I]t is a well[-]settled principle of appellate jurisprudence that undeveloped claims are waived and unreviewable on appeal.")

review of the certified record, the parties' appellate briefs, the trial court's opinion, and applicable law, we find that the trial court thoroughly and accurately addressed the merits of these three appellate issues in its opinion. Consequently, we affirm on the basis of the trial court opinion and adopt it as our own. The parties are instructed to attach a copy of the trial court's July 11, 2019 opinion to all future filings regarding this appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/15/20213